CERTIORARI to Justice Hazzard. The record was as follows: —
Capias issued February 7, 1855, by Justice Hazzard, to any constable of Sussex county, commanding him "to bring Elisha Proctor, free negro, forthwith to answer to a complaint of non-residence."
"The State of Delaware vs. Elisha Proctor, n. — Coming into this State a non-resident free negro. Complaint by Major W. Allen; capias issued February 7, 1853, returnable February 21, 1853. `Brought forthwith, saith T. W. Dawson, constable.' And now, to wit: this 21st day of February, A. D. 1853, after hearing the allegations and proofs of the said parties, judgment is hereby given against the said defendant, for the sum of fifty dollars fine, and one dollar and fifty-five cents costs, one-half to be paid to the said State of Delaware, and the other half to be paid to the said Major W. Allen, the informer; and the said defendant was ordered to give surety in the sum of fifty dollars, that he would leave the State in five days from this date, and on his default in both the payment of the fine and costs, and the giving of the security, he was committed to the public jail."
The copy of the complaint of Major W. Allen stated, "that Elisha Proctor, a free negro, hath come into this State, after a voluntary absence of more than sixty days from this State; and that the said Elisha was not at the time engaged in any occupation of mariner or waterman, nor was he absent as a wagoner or messenger in the actual employment of a citizen of this State."
The exceptions were — 1. That the record did not show that Proctor was at the date of the act "in relation to free negroes and slaves," March 5, 1851, a non-resident free negro. 2. That it did not show him to have been a non-resident on the 1st of January, 1853, when the Revised Code took effect. 3. That the justice had no jurisdiction, unless this was shown. 4. That the record did not show whether the offence charged was before or since January 1 1853. 5. Nor how or when he lost his residence. 6. That chapter 52, section 2, of the Revised Code is unconstitutional — 1. For depriving citizens of liberty, without jury trial. 2. For expelling them the State, without jury trial. 3. That the justice had no jurisdiction in the case. *Page 388 
 The Court reversed the judgment, on the ground that the record did not show at what time the offence was committed; nor against what law, whether the act of 1851 or the Revised Code of 1853.
In a specially delegated jurisdiction and a proceeding under a penal law, the record must show every thing requisite to bring the case within the jurisdiction, and the offence within the law. That is not done in this case. The charge for which the defendant was arrested, is indeed no offence at all. Neither had the magistrate found him guilty of any offence, unless it be by inference, from having heard "the allegations and proofs of the parties."
 Judgment reversed.